UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-491-DMG (AGRx)** | Date | July 6, 2020 |
|---|---|---|---|
| Title | *Dwain Lammey v. Airconditioning and Refrigeration Industry Building Corporation, et al.* | Page | 1 of 4 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [37]**

This matter is before the Court on Plaintiff Dwain Lammey's Motion for Leave to File a First Amended Complaint ("MLA"). [Doc. # 37.][1] Plaintiff seeks leave to file a First Amended Complaint ("FAC") to add two new Defendants Ted R. Cooper Properties and Mark Scott. Proposed FAC [Doc. # 38–1]. Having considered the parties' written submissions, Plaintiff's MLA is **GRANTED** in part and **DENIED** in part.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On January 17, 2020, Plaintiff filed this action against Defendants Airconditioning and Refrigeration Industry Building ("Airconditioning") and Ferguson Enterprises. Compl. [Doc. # 1]. Plaintiff asserts a claim for injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. sections 12010-12213, and a claim for statutory damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code sections 51-53. *Id.* On February 6, 2020, after issuing an Order to Show Cause and considering Plaintiff's response, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed that claim without prejudice. [Doc. # 12.] On May 1, 2020, the Court dismissed Airconditioning from the action, leaving Ferguson as the only Defendant. [Doc. # 25.] Pursuant to the Court's Scheduling Order, the deadline to amend pleadings expires on August 14, 2020. [Doc. # 33–1.] On May 29, 2020, Plaintiff filed the instant MLA, which is now fully briefed. Opp. [Doc. # 39]; Reply [Doc. # 40].

---

[1] The Court struck Plaintiff's initial FAC on May 6, 2020, because he did not seek leave of court before filing it. [Doc. ## 27, 31]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-491-DMG (AGRx)** | Date | July 6, 2020 |
| Title | *Dwain Lammey v. Airconditioning and Refrigeration Industry Building Corporation, et al.* | Page | 2 of 4 |

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (requests for leave to amend should be granted with "extreme liberality"). Courts should grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted).

## III.
## DISCUSSION

Plaintiff argues that, after he filed the Complaint, he learned that the true owners of the property at issue are Ted R. Cooper Properties and Mark Scott, rather than Airconditinoing. Seabock Decl. at ¶¶ 3–4 [Doc. # 37-2]. He requests that the Court grant him leave to add these parties as Defendants, and that the Court permit him to reallege his previously-dismissed Unruh Act claim against the new Defendants. Ferguson argues in opposition that Plaintiff's proposed amendment is futile and prejudicial. Opp. at 5–7.

The MLA therefore presents two separate issues: (1) whether Plaintiff may add two Defendants to his lawsuit; and (2) whether doing so allows him to revive the Unruh Act claim over which the Court has already declined to exercise jurisdiction.

A.   **Plaintiff May Add Two New Defendants**

As discussed above, the deadline for amending the pleadings in the case has not yet passed. Because there is no reason to disbelieve Plaintiff's representation that he only recently learned the true identity of the owners of the property at issue, granting Plaintiff leave to add the true owners as Defendants is unobjectionable. Doing so would not significantly delay the litigation, which is still in its early stages. There is no obvious reason why the addition of two new Defendants, in and of itself, would prejudice Ferguson, and Ferguson has provided none. Nor is there any evidence that Plaintiff seeks this amendment in bad faith. The parties argue over whether Plaintiff's amendment would be futile, but their arguments concern Plaintiff's request for leave to reallege his Unruh Act claim—not whether the mere addition of two new Defendants would be futile. Since Ferguson has provided no reason for the Court to believe that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-491-DMG (AGRx)** | Date | July 6, 2020 |
|---|---|---|---|

| Title | *Dwain Lammey v. Airconditioning and Refrigeration Industry Building Corporation, et al.* | Page | 3 of 4 |
|---|---|---|---|

the two new Defendants are not, in fact the correct owners of the property at issue, it is appropriate for the Court to grant Plaintiff leave to amend to add them.

The MLA is therefore **GRANTED** insofar as it seeks to add Ted R. Cooper Properties and Mark Scott as Defendants.

**B.     Plaintiff May Not Reallege His Unruh Act Claim**

The bulk of the parties' argument concerns whether the Court should permit Plaintiff's FAC to include an Unruh Act claim against the new Defendants. Ferguson argues that such an amendment would be both futile and prejudicial. Because the amendment would be futile, the Court need not address whether it would be prejudicial.

To show that a proposed amendment is futile, the party opposing amendment must show that no set of facts can be pled or proved that would give rise to a valid claim or defense. *Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009); *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) (denying leave to amend is proper if "the complaint could not be saved by any amendment").

Ferguson argues that Plaintiff's proposed amendment is futile to the extent he wishes to resurrect his Unruh Act claim because the new Unruh Act claim is materially identical to the claim over which the Court previously declined to exercise jurisdiction. Opp. at 6-7. The Court agrees. The *only* difference between the Complaint and FAC appears to be the substitution of the new Defendants for Airconditioning. The Court's reasoning for declining to exercise jurisdiction over the Unruh Act claim did not depend on the identity of the Defendant. Rather, the Court ruled that the interests of judicial economy, convenience, fairness, and comity counseled in favor of declining to exercise jurisdiction in light of California's efforts to curb litigation abuse by high-frequency litigants such as Plaintiff. [Doc. # 12.] The Proposed FAC contains no facts that would disturb the Court's reasoning as to the Unruh Act claim as alleged against the new Defendants. Nor does it appear, given Plaintiff's response to the Court's Order to Show Cause, that Plaintiff could allege any new or different facts in a second amended pleading that would require a different conclusion.

Plaintiff argues that the proposed amendment would not be futile because he is "obligated" to pursue his Unruh Act claim against the new Defendants to avoid being unable to raise it against them in a future suit. Reply at 4. It may be true that, unless Plaintiff pursues an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-491-DMG (AGRx)** | Date | July 6, 2020 |
|---|---|---|---|
| Title | *Dwain Lammey v. Airconditioning and Refrigeration Industry Building Corporation, et al.* | Page | 4 of 4 |

Unruh Act claim against the new Defendants in this action, he would be unable to bring an Unruh Act claim against them in a subsequent state court action. *Franceschi v. Franchise Tax Bd.*, 1 Cal. App. 5th 247, 263-64 (2016) ("California courts have held that where a plaintiff makes no attempt to have a federal court exercise supplemental jurisdiction over a related state law claim, and then later files that state law claim in state court, such claims are barred by res judicata and the related prohibition against claim splitting."). But Plaintiff cites no authority for the proposition that an otherwise futile amendment becomes the proper subject of a court's leave to amend simply because a preclusion doctrine might adversely affect a plaintiff's ability to bring a claim in the future. It is not the Court's responsibility to ensure that a plaintiff avoids all the procedural pitfalls that may befall him during the course of litigation. Nor is it the Court's role to prejudge whether a future California court reviewing these proceedings might prevent Plaintiff from suing the new Defendants for Unruh Act violations in state court given his efforts to do so herein.

Since Plaintiff has cited no authority requiring a different result, the Court concludes that the Proposed FAC is futile insofar as it seeks to resurrect Plaintiff's Unruh Act claim by realleging it against the new Defendants.

### IV.
### CONCLUSION

In light of the foregoing, Plaintiff's MLA is **GRANTED** in part and **DENIED** in part. The Court **GRANTS** Plaintiff's MLA insofar as it seeks to add Ted R. Cooper Properties and Mark Scott as Defendants, but **DENIES** the MLA insofar as it seeks to reallege a new Unruh Act claim against those Defendants. Plaintiff shall file a FAC that complies with this Order by **July 21, 2020**. Defendants shall file their response to the FAC no later 15 days after service of the FAC.

**IT IS SO ORDERED**.