CENTER FOR DISABILITY ACCESS
RAY BALLISTER JR., ESQ., SBN 111282
RUSSELL HANDY, ESQ., SBN 195058
DENNIS PRICE, ESQ., SBN 279082
ELLIOTT MONTGOMERY, ESQ., SBN 279451
8033 LINDA VISTA ROAD, SUITE 200
SAN DIEGO, CA 92111
(858) 375-7385; (888) 422-5191 FAX
elliottm@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dwain Lammey,**<br><br>         Plaintiff,<br>v.<br><br>**Ted R. Cooper Properties,** a California Corporation Company;<br>**Mark Scott; Ferguson Enterprises, LLC**, a Virginia Limited Liability Company; and Does 1-10,<br><br>         Defendants | **Case No.** 2:20-cv-00491-DMG-AGR<br><br>**Plaintiff's Case Statement** |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed on September 8, 2020, Plaintiff submits this Case Statement.

### A.    Itemized List

The specific condition at the site that forms the basis of this lawsuit is the lack of accessible parking at the Ferguson ("Store") located at or about 141 W.

23rd Street, Los Angeles, California.

1. <u>Lack of Accessible Parking</u>:



- ❖ When a business provides parking for its customers, it must provide accessible parking. Here, accessible parking has not been provided in conformance with the ADA Standards.
- ❖ There is no accessible parking whatsoever in the parking lot. [1]
- ❖ The above photos of the Store depict the violations.

---

[1] *2010 Standards § 208.*

Plaintiff's Case Statement　　　　　　　2　　　　　　　2:20-cv-00491-DMG-AGR

*Note*: As stated in the Complaint, given the obvious violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection.[2] Any settlement must address remediation of the entire facility.

### B.      Amount of Damages

The United States District Court has declined to exercise supplemental jurisdiction on the Unruh Civil Rights Act claims. As such there are no damages presently included in the claim. However, Plaintiff reserves his right to appeal that decision once a final judgment is entered.

### C.      Demand for Settlement of Case

First, to provide assessable parking at the Store.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

---

[2] *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he is entitled to removal of all barriers that relate to this disability)

Lastly, to settle this matter globally at mediation, that Defendants pay to reasonable attorney's fees and costs as provided by both the ADA. The parties can resolve this between themselves or agree to submit a motion to the court.

Any resolution would need to include Plaintiff's state law claims that have been dismissed by the court, or a release specifically excluding those claims.

Dated: September 22, 2020              CENTER FOR DISABILITY ACCESS

                                       By: */s/ Elliott Montgomery*
                                       Elliott Montgomery, Esq.
                                       Attorney for Plaintiff